United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD E. HASKINS, et al.,

     Plaintiffs,

  vs.

CHEROKEE GRAND AVENUE, LLC, et al.,

     Defendants.

Case No.: C-11-05142-YGR

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' ANSWER AND COUNTERCLAIM**

     Plaintiffs and Counter-Defendants Richard E. Haskins, Arthur L. Haskins, and Estate of Arthur "Buzz" Haskins, Jr. (collectively, "Plaintiffs") move to strike portions of the answer and counterclaim filed by Defendants and Counterclaimants Cherokee Grand Avenue LLC, Cherokee San Francisco LLC, Cherokee Investment Partners II, LP, and Cherokee Acquisition Corporation (collectively, "Defendants"). (Dkt. No. 24 ("Motion to Strike" or "Mot.") at 3.)

     Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS IN PART AND DENIES IN PART** the Motion to Strike.[1]

## I.    BACKGROUND

     On December 27, 2011, Plaintiffs filed a First Amended Complaint ("FAC") in this action. (Dkt. No. 14.) This is an environmental case regarding contamination in and around property owned by two plaintiffs and previously owned by another plaintiff. In the FAC, Plaintiffs allege eighteen claims against Defendants, which include, but are not limited to: Abatement of an Imminent and

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on April 3, 2012, is appropriate for decision without oral argument. Accordingly, the Court VACATES the hearing set for April 3, 2012.

1   Substantial Endangerment pursuant to section 7002(a) of the Resource Conservation and Recovery

2   Act, 42 U.S.C. section 6972(a); Cost Recovery and Contribution pursuant to sections 107 and 113 of

3   the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42

4   U.S.C. sections 9607 & 9613; and a claim under the federal Declaratory Judgment Act, 28 U.S.C.

5   section 2201.  FAC ¶¶ 13, 30–58 & 161–166.  On January 30, 2012, Defendants filed their Answer to

6   First Amended Complaint; Counterclaim for Cost Recovery and Contribution, in which they asserted

7   forty-one (41) affirmative defenses.  (*See* Dkt. No. 18 ("Answer" or "Counterclaim," respectively).)

8   Defendants' Counterclaim alleges two claims for cost recovery under CERCLA and declaratory relief.

9   (Counterclaim ¶¶ 9–18.)

10       On February 17, 2012, Plaintiffs filed a Motion to Strike Cherokee's Answer and

11   Counterclaim.  (Dkt. No. 24.)  Specifically, Plaintiffs seek to strike:

12       (1) Paragraph 21 of Defendants' Answer because the denial was "not warranted."

13   Mot. at 4.  Plaintiffs base this argument on an "admission" by Defendants contained

14   in an "Environment Indemnity Agreement between the two parties."  *Id.*

15       (2) Defendants' thirty-seventh affirmative defense that they were "bona fide

16   prospective purchaser[s]" under CERCLA ("BFPPs").  *Id.* at 3 & 5.   While

17   Defendants contend they are entitled to this complete statutory defense, Plaintiffs

18   contend they cannot assert the defense because the CERCLA defense only applies to

19   purchases occurring after January 11, 2002. *Id.*

20       (3) Paragraph 8 of Defendants' Counterclaim alleging they were "bona fide

21   prospective purchasers." *Id.* at 3 & 5.

22       (4) Defendants' twenty-sixth affirmative defense based on the statute of frauds

23   ("SOF").  *Id.* at 3 & 6.  Plaintiffs contend that Defendants may not assert the SOF

24   defense because the parties orally agreed that payment was to occur within one year

25   for the work to be done, thus making the defense unavailable. *Id.* at 6.

26       Defendants filed an Opposition to Plaintiffs' Motion to Strike Cherokee's Answer and

27   Counterclaim on March 2, 2012.  (Dkt. No. 27 ("Opp.").)  Defendants argue that, as to FAC ¶ 21, they

28   are entitled to their denial because Plaintiffs chose to collectively define the Cherokee entity

United States District Court
Northern District of California

1   defendants as "Cherokee" in the FAC, and Defendants do not believe they can properly admit that all

2   four entities did what Plaintiffs allege.  Opp. at 2–3 (further arguing that Plaintiffs' allegation contains

3   vague language that they should be allowed to deny).  Regarding being BFPPs, Defendants assert that

4   an exception to CERCLA's strict liability exists in sections 101(40) & 107(r), 42 U.S.C. sections

5   9601(40) & 9607(r), and that they should be permitted to develop the factual record regarding

6   whether they satisfy the requirements for the BFPP exception.  *Id.* at 6–8.  As to the explicit timing

7   issue set out in the CERCLA section defining a BFPP, Defendants argue that there is "no rational

8   purpose" served by the time limitation and that as "applied to the facts of the present case, [it] den[ies]

9   due process and violate[s] the [Fifth] Amendment."  *Id.* at 8.  Based on this constitutional issue,

10  Defendant contend there are legitimate questions of law in dispute that are not appropriate for a

11  motion to strike.[2]  *Id.*  Regarding the SOF, Defendants argue that their statements in the pleadings are

12  consistent with the defense and that Plaintiffs improperly resort to extrinsic evidence by submitting an

13  exhibit in support of its motion.  *Id.* at 14–15.

14       On March 9, 2012, Plaintiffs filed their Reply to Cherokee's Opposition to Motion to Strike

15  Answer and Counterclaim.  (Dkt. No. 32 ("Reply").)

16  **II.      MOTION TO STRIKE**

17       **A.      Legal Standard Under Federal Rule of Civil Procedure 12(f)**

18       Fed. R. Civ. P. 12(f) permits a court to "strike from a pleading an insufficient defense or any

19  redundant, immaterial, impertinent, or scandalous matter."  A defense may be insufficient as a matter

20  of pleading or a matter of law.  *Security People, Inc. v. Classic Woodworking, LLC,* No. C-04-3133,

21  2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005).  "The key to determining the sufficiency of

22  pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."  *Wyshak v. City*

23  *Nat. Bank,* 607 F.2d 824, 827 (9th Cir. 1979).  What constitutes fair notice depends on the particular

24  defense in question.  5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure

25  ───────────────────────────

26  [2] On the same day as the Opposition, Defendants filed a Notice of Constitutional Question: Challenge to the
    Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001–1461 (Fed.R.Civ.Proc. 5.1).  (Dkt.

27  No. 28 ("Notice").)  The Court first notes that Defendants mistakenly captioned this document to reference
    statutes that are not at issue in this motion.  Despite this, the Notice states that it "draws into question the

28  constitutionality of . . . [section] 101(40) of [CERCLA], 42 U.S.C. § 9601(40)."  *Id.* at 1.  The Notice is
    addressed to Eric H. Holder, Jr., Attorney General of the United States of America.  *Id.* at 1; Dkt. No. 28-2
    (Certificate of Service).)

United States District Court
Northern District of California

("FPP") § 1381 (3d ed. 2004).  While a defense need not include extensive factual allegations in order to give fair notice, *Security People, Inc.,* 2005 WL 645592, at *2, bare statements reciting mere legal conclusions may not be sufficient.  *CTF Development, Inc. v. Penta Hospitality, LLC,* No. C 09-02429, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009).  Because motions to strike a defense as insufficient are disfavored, they "will not be granted if the insufficiency of the defense is not clearly apparent."  FPP § 1381; *SEC v. Sands,* 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) ("Even when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike.").

To strike an affirmative defense, the moving party must demonstrate "that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.,* 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (quoting *Sands,* 902 F. Supp. at 1165).  "The grounds for the motion must appear on the face of the pleading under attack or from matter which the court may judicially notice."  *Sands,* 902 F. Supp. at 1165.  When considering a motion to strike, the court "must view the pleadings in a light most favorable to the pleading party."  *In re 2TheMart.com, Inc. Securities Litig.,* 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party.  *Wyshak,* 607 F.2d at 826; *Qarbon.com Inc. v. eHelp Corp.,* 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).

**B.    Paragraph 21 of the Answer**

As to Paragraph 21 of the Answer, Plaintiffs raise Rule 11 and assert that Defendants have ignored their obligation to be truthful in the Answer.  Reply at 2–3.  Further, Plaintiffs state that "at the very least," Defendants' response to FAC ¶ 21 "should read" a particular way.  Plaintiffs then proceed to draft a proposed response that Defendants should be obligated to adopt.  *Id.* at 3.  The Court believes that Plaintiffs' attempt to re-write a portion of Defendants' Answer is improper, and Plaintiffs have cited no authority for the proposition that Defendants must change their Answer to mirror Plaintiffs' interpretation of pleadings and/or evidence in this action.  The Court will not dictate precisely how Defendants must draft their answer.  Although Plaintiffs may not like how Defendants

United States District Court
Northern District of California

1   answered, it is not unreasonable that Defendants did not want to adopt Plaintiffs' "definition" of the

2   term "Cherokee" in its Answer, nor that they sought to dispute through denial how Plaintiffs

3   characterized the relationship between the entities and related matters regarding parcel purchases.  *See*

4   Opp. at 2–3.  The Court further notes that this action is at the pleading stage—if Plaintiffs believe this

5   denial was untruthful, they will undoubtedly seek discovery on the issues underlying FAC ¶ 21 and

6   Answer ¶ 21.  For these reasons, the Court **DENIES** the Motion to Strike the Answer ¶ 21.

7   **C.**      **Bona Fide Prospective Purchaser Affirmative Defense**

8            As stated in the Answer, Defendants assert a complete defense under CERCLA sections

9   101(40) & 107(r), 42 U.S.C. sections 9601(40) & 9607(r), as BFPPs.  Opp. at 5.  Plaintiffs have

10   moved to strike this defense because the 2002 amendments to CERCLA, which added this defense,

11   apply only to purchases that occurred after the changes were enacted.  Mot. at 5; Opp. at 6.  As

12   Defendants explain, the BFPP defense lies in section 107(r), but does not explicitly define a BFPP.

13   Opp. at 6.  For that definition, the Court must look to CERCLA section 101(40), which defines a

14   BFPP as "a person (or tenant of a person) that *acquires ownership of a facility after January 11, 2002*,

15   and that establishes each of the following [requirements listed at 101(40)(A)–(H)] by a preponderance

16   of the evidence."  *Id.* at 6–7.  As to the requirements listed in section 101(40), "Defendants contend

17   that they have satisfied all the requirements of [section] 101(40(A) through 101(40)(G)."  *Id.* at 8.  As

18   to the January 11, 2002 date, "Defendants contend that such a limitation, applied to the facts of the

19   present case, deny due process and violate the [Fifth] Amendment to the United States Constitution.

20   For that reason, Defendants contend that legitimate questions of law are in dispute and not clear and

21   that this issue is not appropriate for a motion to strike."  *Id.* at 8.  Defendants then devote three pages

22   of argument regarding why the date restriction is arbitrary and serves no rational basis, concluding

23   that the issue on this motion "is not whether Defendants are correct that denying [them] relief from

24   potential liability . . . violates due process. . . .  The question is only whether the law is so clear as to

25   be beyond dispute."  *Id.* at 12.

26            The Court believes that the defense contained in CERLCA sections 101(40) & 107(r) is clear

27   and, on its face, is unavailable to Defendants based on their purchase dates.  *See* Answer ¶¶ 6–8; Mot.

28   at 5; *City of Wichita, Kansas v. Trustees of APCO Oil Corp. Liquidating Trust*, 306 F. Supp. 2d 1040,

1052 (D. Kan. 2003) ("[T]he City cannot qualify as a bona fide prospective purchaser because the amendment made clear that this new defense would only apply for purchases that occurred after the changes were enacted.").

As to the constitutional issue of whether the date limitation violates due process, the Court agrees with Plaintiffs that Defendants have essentially raised the issue but not provided significant argument directly addressing the issue. Reply at 6. Further, while Defendants have filed and served a Notice of Constitutional Question with the United States Attorney General, the Court sees no indication in the record that they have complied with Civ. L.R. 3-8, which requires that they serve a notice on the United States Attorney for this district. Without having given all required notices, the Court will not make any determination on the constitutional issue at this juncture.

The Court hereby **GRANTS** Plaintiffs' Motion to Strike the thirty-seventh affirmative defense in the Answer and Counterclaim ¶ 8 because Defendants do not qualify as BFPPs under CERCLA based on the plain language of the statute. Because Defendants failed to brief adequately the constitutional issue *and* to comply with Civ. L.R. 3-8, Defendants may file a motion for leave to amend their Answer and Counterclaim to assert the BFPP defense and re-allege the corresponding Counterclaim paragraph. Should Defendants choose to file this motion, they must comply with Fed. R. Civ. P. 5.1 and Civ. L.R. 3-8. Because one function of a motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial," *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983), there will be significant benefit in resolving this issue at the earliest point possible in the litigation. As such, Defendants shall file their motion for leave to amend on this issue, if at all, within twenty-one (21) days of the date of this Order.

### D.     The Statute of Frauds Affirmative Defense

Plaintiffs assert that the SOF defense is unavailable to Defendants because a draft Remediation Cost Sharing Agreement "contradicts" Defendants' assertion that the obligation could not have been performed within one year. Mot. at 6. Plaintiffs attached the draft agreement as an exhibit to a declaration in support of their motion. *Id.* & Dkt. No. 24, Ex. 3. They contend that this draft agreement shows that "each party's obligation to pay $402,835 was to occur almost immediately."

United States District Court
Northern District of California

1   Mot. at 6.  In response, Defendants point out that there is nothing on the record in this action that

2   forecloses their ability to prove underlying facts that will support its SOF defense.  Opp. at 14.

3   Further, Defendants contend that Plaintiffs' use of extrinsic evidence is improper and that the grounds

4   for the Motion to Strike must appear on the face of the pleadings.  *Id.*  Specifically, the unsigned draft

5   of the Remediation Cost Sharing Agreement is outside of the face of the pleadings, is not the subject

6   of a request for judicial notice, and Plaintiffs have failed to establish a foundation for its authenticity.

7   *Id.* at 14–15.

8       The Court agrees that the draft Remediation Cost Sharing Agreement may not be considered

9   in this Motion to Strike because it is outside of the pleadings.  *Sands,* 902 F. Supp. at 1165.  Even if

10  the Court could consider the document, a proper foundation has not been laid for it. As Plaintiffs

11  themselves admit, the Court must take as true Defendants' statements that the oral agreement cannot

12  be completed within one year.  Reply at 7.  They also make clear, in fact, that this is a factual dispute

13  at issue.  *Id.* ("All that is required [for SOF to be inapplicable] is a monetary payment to an escrow

14  account. . . . The proposed Remediation Cost Sharing Agreement calls that into question.").  The

15  insufficiency of the defense is not clearly apparent to the Court based on the pleadings, and Plaintiffs

16  have failed to cite any authority in support of their position that, as a matter of law, the defense is

17  unavailable.[3]  At a minimum, Plaintiffs have fair notice of the defense.  Accordingly, the Court

18  **DENIES** the Motion to Strike twenty-sixth affirmative defense based on the SOF.

19

20

21

22

23

24

25

26

---

27  [3] Plaintiffs state that "[a]t the very least, Cherokee should be on notice that it may be subject to Haskins' cost to
    prove that there is and never was a good faith basis for Cherokee to assert the [SOF] defense."  Reply at 7.  As
    the Court stated before, this action is at the pleading stage and Plaintiffs may seek discovery on the basis of the
28  SOF defense.  If Plaintiffs will seek to recover costs to prove that this defense was not made in good faith, that
    is their prerogative.

**III.      CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Motion to Strike Defendants' Answer ¶ 21 and their twenty-sixth affirmative defense based on the SOF.  The Court **GRANTS** the Motion to Strike the thirty-seventh affirmative defense in the Answer and Counterclaim ¶ 8 based on the CERCLA defense for BFPPs.  Defendants may file a motion for leave to amend their Answer and Counterclaim as to the BFPP affirmative defense and allegations as described herein.  This motion for leave to amend must be filed within twenty-one (21) days of the date of this Order.

This Order terminates Dkt. No. 24.

**IT IS SO ORDERED.**

Dated:  April 2, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

8