

1111 Broadway, 24th Floor | T: 510-834-6600 | www.wendel.com
Oakland, CA 94607-4036 | F: 510-808-4645 | gbrandt@wendel.com

January 8, 2013

The Honorable Yvonne Gonzalez Rogers
Judge, United States District Court for the Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

Re:    Haskins et al v. Cherokee Investment Partners, LLC et al
       USDC N.D. Cal. 3:11-cv-05142-YGR
       Motion to Exclude Expert Testimony re Alter Ego

Dear Judge Rogers:

This joint letter is submitted pursuant to your standing orders concerning discovery disputes by Cherokee Acquisition Corp. (dissolved), Cherokee San Francisco, LLC (dissolved) ("CSF"), Cherokee Grand Avenue, LLC (dissolved) ("CGA") and Cherokee Investment Partners II, L.P (referred to as "Defendants" or "Cherokee") and Richard E. Haskins, Arthur L. Haskins and the Estate of Arthur "Buzz" Haskins, Jr., deceased, (collectively "Plaintiffs" or "Haskins").

**Cherokees' Position:**

Defendants seek an order striking the expert report of Everett Harry and prohibiting testimony on alter ego, which is not a matter alleged in the First Amended Complaint.[1] Defendants also seek an order shortening time to hear the motion to strike and that provides defendants with 30 days after the ruling on such motion to submit a rebuttal report if the motion to strike is denied. Such an order is needed because a rebuttal report must be submitted on or before January 22, 2013 and absent such an order defendants would be required to incur costs to retain an expert and prepare a potentially unnecessary report.

Responding to defendants' request for such an order are Plaintiffs by their counsel. Defendants have prepared a motion to strike and provided plaintiffs' counsel with the memorandum of points and authorities via email on December 28, 2012, are prepared to file that motion with approval of the court and have met and conferred on these issues.

The request is made for the following reasons:

- Plaintiffs' First Amended Complaint does not contain any allegations regarding alter ego theories or liability.  An alter ego claim requires establishing both: (1) a unity of

---

[1] Although defendants' motion to strike may not be the type of discovery dispute contemplated by the court's standing order, defendants are submitting this letter request out of an abundance of caution.

017481.0001\2674754.1

The Honorable Yvonne Gonzalez Rogers  WENDEL, ROSEN, BLACK & DEAN LLP
January 8, 2013
Page 2

- interest and ownership such that the separate personalities of a corporation and its shareholder(s) no longer exist, and (2) failure to disregard the separate entities would result in fraud or injustice. *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985).

- A plaintiff must include specific factual allegations in the pleadings to support an alter ego or any other affirmative claim. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557-559, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).

- The report of plaintiffs' expert, Everett Harry, titled "Analysis of Plaintiffs' Damages and Characteristics of Defendants' Businesses" ("Report") states that is evaluates the "business, accounting and economic relationships among the defendants and other related parties" from an "alter ego evaluation perspective."

- The Report sets forth certain factors that Mr. Harry deems appropriate for determining whether one entity is liable for the acts of another entity, then provides Mr. Harry's analysis of certain facts as they purportedly apply to the alter ego factors he has identified.

- The Report does not address the legal elements or issues relevant to a fraudulent transfer claim or any other causes of action set forth in the First Amended Complaint.

- To the extent that Plaintiffs' contend that its interrogatory responses put Defendants on notice of alter ego contentions, the responses must be read in light of the contention in the original complaint that CSF and/or CGA should have reserved funds in their dissolutions for claims by Haskins after receiving the 2010 RCRA notice, but instead distributed some funds to CIP II. The distribution to which that referred was a roughly $23,000 distribution by CSF, a far different thing than a suggestion that CIP II should be liable for all of CSF and/or CGA's liabilities, if any.

For the reasons set forth above, defendants contend that the Report and corresponding testimony that purports to address alter ego liability is of no consequence in determining any claims in this action and is, therefore, irrelevant pursuant to Federal Rules of Evidence 401 and 702. In addition, defendants assert that any reference to such evidence would waste valuable court time and be unduly prejudicial to the defendants and counterclaimants in violation of Federal Rule of Evidence 403.

Plaintiffs have requested that defendants stipulate to allow leave to file a Second Amended Complaint that contains allegations in support of their alter ego claims. Defendants are unwilling to so stipulate because of the undue delay in raising alter ego allegations and the prejudice that would be suffered by defendants if an amendment was permitted at this late date. Factual discovery is closed. Defendants would be prejudiced because, among other things, they were not given the opportunity to obtain deposition testimony or documents from plaintiffs that address any alter ego allegations and have not been able to conduct other discovery with regard to plaintiffs' claims. Plaintiffs should not be allowed to take advantage of their own delay in seeking to amend the complaint.

017481.0001\2674754.1

The Honorable Yvonne Gonzalez Rogers                                                            WENDEL, ROSEN, BLACK & DEAN LLP
January 8, 2013
Page 3


**Haskins' Position:**

Haskins disagrees with Cherokee's position that Everett Harry's expert report (the "Expert Report") "is of no consequence in determining any claims in this action and is, therefore, irrelevant…." Alter ego liability is highly relevant to every claim made by Haskins because each Defendant shares a unity of interest and attempts to unfairly insulate itself from liability via the corporate form. In addition, the Expert Report directly addresses the legal elements and issues relevant to Haskins' fraudulent transfer claim in the First Amended Complaint.

First, Cherokee incorrectly argues that Haskins did not include an alter ego cause of action or allegation. Alter ego is a procedural issue and not a cause of action. In fact, "there is no such thing as a substantive alter ego claim at all: 'A claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, e.g., breach of contract or to set aside a fraudulent conveyance, but rather, procedural.....'" *Ahcom, Ltd. v. Smeding* 623 F.3d 1248, 1251 (9th Cir. 2010), citing *Hennessey's Tavern, Inc. v. American Air Filter Co*. 204 Cal. App. 3d 1351, 1359 (1988).

Further, alter ego liability does not necessarily need to be raised in the pleadings, but rather may be resolved at trial (see, e.g., *Gordon v. Aztec Brewing Co.* 33 Cal. 2d 514, 523 (1949)), at a hearing (see, e.g., *Thomson v. L.C. Roney & Co.* 112 Cal.App.2d 420, 422–423, 426–427 (1952), or even in a separate action subsequent to the action against the fictitious corporate defendant (see, e.g., *Taylor v. Newton* 117 Cal.App.2d 752, 753–757 (1953)).

Furthermore, it is clear that Cherokee has not been misled to its prejudice by Haskins. *United States v. Oliver* 59 F.2d 55, 56 (9th Cir. 1932), citing California Code of Civil Procedure §469. Haskins' First Amended Complaint, Paragraph 10, alleges, "Each of the Cherokee entities was acting as an agent for the other with respect to the performance of the actions alleged herein." Haskins provided Cherokee further notice of an alter ego issue during discovery as Haskins own knowledge grew. For instance, Haskins' Responses to Defendant Cherokee Investment Partners II, L.P.'s Special Interrogatories, Set One, explicitly state:

> Plaintiffs further object to the extent that Cherokee II attempts to insulate itself from liability pursuant to contract, statute, or common law using the corporate form, particularly via the Cherokee San Francisco LLC, Cherokee Grand Avenue LLC, Cherokee Acquisition Corp., or any subsidiary, predecessor, successor, owner, or corporate affiliate. Haskins' Response Nos. 2-3, 6-14 (served May 22, 2012).

> The corporate veil cannot insulate Cherokee II from Cherokee San Francisco LLC, Cherokee Grand Avenue LLC, Cherokee Acquisition Corp., and their respective contractual, statutory, and common law liabilities for any hazardous waste which may present an imminent and substantial endangerment to health or the environment at the SITE and/or the FULLER-O'BRIEN PROPERTY. Haskins' Response Nos. 4-5 (served May 22, 2012).

Cherokee claims it is prejudiced because it was not able to conduct discovery, particularly obtaining documents, regarding alter ego liability. However, Haskins' aforementioned responses were made well before the discovery cut-off date, and, yet, Cherokee did not make any further discovery requests on the topic. Furthermore, all information Haskins bases its alter ego allegations upon were produced by Cherokee itself, and so any additional discovery would be futile.

Last month, Cherokee produced a single witness to testify as the person most knowledgeable on behalf of all four Defendants. Clearly, Haskins addressing the issue of alter ego is far from an undue surprise.

Additionally, Cherokee argues falsely that the Expert Report does not address Haskins' fraudulent transfer claim. Cherokee's self-serving citation to the Expert Report (third bullet point above) references Mr. Harry's alter ego perspective, yet the subsequent sentence states "I was also asked to perform my analysis from a fraudulent transfer viewpoint, since the Cherokee defendants by 2008 transferred substantially all remaining cash from and did not retain any financial reserves for the two Cherokee entities that Cherokee contends could have any legal liability to the plaintiffs." The Expert Report goes on to address the highly relevant issues related to Haskins' fraudulent transfer claim.

As mentioned above by Cherokee, Haskins requested that Cherokee stipulate to allow leave to file a Second Amended Complaint that contains allegations in support of an alter ego theory. Haskins provided Cherokee with a draft version of their complaint, which Cherokee refused to stipulate to a second amendment. Cherokee itself cites to *Mesler v. Bragg Mgmt. Co.* 39 Cal. 3d 290 (1985) where it was held that a trial court should have allowed plaintiff to amend its pleading to include an alter ego theory even though amending would have occurred six weeks before trial was set to begin. Here, the trial date is eight months away. As demonstrated, Cherokee will not be caught off guard by Haskins' alter ego theory, and the Expert Report is highly relevant to Haskins' claims. Given Haskins willingness to amend and the strong precedent permitting amendment, Cherokee's Motion is Strike is fruitless and will do nothing more than unnecessarily tax the parties and the court's resources.

Very truly yours,

WENDEL, ROSEN, BLACK & DEAN LLP


/s/ Greggory C. Brandt

Greggory C. Brandt
Stephen McKae
Attorneys for Defendants

The Honorable Yvonne Gonzalez Rogers  
January 8, 2013  
Page 5

WENDEL, ROSEN, BLACK & DEAN LLP

        PALADIN LAW GROUP LLP

        /s/ Michael W. Kisgen

        Bret A. Stone  
        Michael W. Kisgen  
        Attorneys for Plaintiffs

017481.0001\2674754.1