| | |
|---|---|
| 1 | **LEWIS BRISBOIS BISGAARD & SMITH** LLP |
| | GLENN A. FRIEDMAN, SB# 104442 |
| 2 | Email: friedman@lbbslaw.com |
| | PAUL A. DESROCHERS, SB# 214855 |
| 3 | Email: desrochers@lbbslaw.com |
| | ROBERT W. FARRELL, SB# 107461 |
| 4 | Email: farrell@lbbslaw.com |
| | 333 Bush Street, Suite 1100 |
| 5 | San Francisco, California 94104-2872 |
| | Telephone: 415.362.2580 |
| 6 | Facsimile: 415.434.0882 |

Attorneys for Defendant FULLER O'BRIEN INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD E. HASKINS, an individual; ARTHUR L. HASKINS, an individual; and ESTATE OF ARTHER "BUZZ" HASKINS, JR., DECEASED, a deceased individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CHEROKEE INVESTMENT PARTNERS, LLC, a North Carolina limited liability company; FULLER-O'BRIEN, INC., a surrendered Delaware Corporation; and DOES 1 through 100, <br><br> Defendants. | CASE NO. CV-11-05142-JST <br><br> **NOTICE OF RENEWED MOTION AND MOTION BY DEFENDANT FULLER O'BRIEN INC. TO SET ASIDE DEFAULT AND DISMISS ACTION PURSUANT TO FRCP RULES 12(b)(5) & 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: April 18, 2013 <br> Time: 2:00 p.m. <br> Crtrm.: 9, 19th Floor (San Francisco) <br> Judge: Honorable Jon S. Tigar |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 18, 2013 at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 9 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant FULLER O'BRIEN INC. ("FOB") will move the Court for an order setting aside the default entered against FOB in this action and to dismiss the action against FOB pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 12(b)(5) and 12(b)(6) on the grounds that 1) the California Supreme Court's recent decision in *Greb v. Diamond International Corp.* (February 21, 2013, Case No. S183365, hereafter "*Greb*")) was decided and now controls this case – because FOB is a dissolved foreign corporation, then neither FOB nor its insurance assets are subject

4849-6300-8275.1   1   CV-11-05142-JST

NOTICE OF MOTION AND MOTION BY FULLER O'BRIEN TO SET ASIDE DEFAULT AND DISMISS ACTION; MEMORANDUM OF POINTS AND AUTHORITIES

to suit in California, and regardless, 2) Plaintiffs RICHARD E. HASKINS et al ("PLAINTIFFS") failed to effect proper service of the summons and complaint on FOB.

As discussed herein, no default judgment under FRCP Rule 55(b) has yet entered in this case. In light of *Greb,* decided on February 21, 2013, which conclusively determined that a dissolved foreign corporation such as FOB (and its insurance assets) are not subject to suit in California, this case should be dismissed on the merits. Accordingly, the entry of default should be set aside for good cause. A motion to set aside the default entered against FOB in this action was filed on January 25, 2013, but was subsequently withdrawn (see Docket No. 65 and 69). FOB now renews the motion to set aside FOB's default and to dismiss this action as to FOB.

PLAINTIFFS have filed a motion seeking entry of a default judgment against FOB which is set for hearing before Magistrate Judge Beeler on March 21, 2013 (Docket No. 71). FOB respectfully requests that the Court continue the hearing on PLAINTIFFS' motion for entry of a default judgment so as to allow for the proper adjudication of the issues presented herein in light of the newly decided *Greb* decision. Alternatively, FOB requests that the Court grant the accompanying motion to shorten time and set the hearing on FOB's motion concurrently with PLAINTIFFS' motion on March 21, 2013.

This motion is brought pursuant to the provisions of FRCP Rules 55(c), 12(b)(5) and 12(b)(6) and is based on this Notice, the attached Memorandum of Points and Authorities and Declarations, the papers and records on file herein and on such other and further evidence as may be presented at the hearing on the motion.

DATED: March 15, 2013

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ ROBERT W. FARRELL
GLENN A. FRIEDMAN
PAUL A. DESROCHERS
ROBERT W. FARRELL
Attorneys for Defendant
FULLER O'BRIEN INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

PLAINTIFFS allege in this action that they have sustained personal injuries and damages as a result of exposure to hazardous substances allegedly associated with paint manufacturing operations conducted on property formerly owned by FOB located in South San Francisco, California (Docket No. 1).

PLAINTIFFS obtained a default against FOB pursuant to FRCP 55(a) based on FOB's failure to respond to the PLAINTIFFS' complaint. However, no default judgment under FRCP Rule 55(b) has yet entered in this case. Based on the recent California Supreme Court decision in *Greb v. Diamond International Corp. (February 21, 2013, Case No. S183365, hereafter "Greb")*, it has been conclusively determined that dissolved foreign corporations such as FOB (and their insurance assets) are not subject to suit in California. Accordingly, this case should be dismissed on the merits and the entry of default should be set aside for good cause.

### II. STATEMENT OF FACTS

The Fuller O'Brien Corporation is a former Delaware corporation which was incorporated on June 27, 1967 as a wholly-owned subsidiary of the O'Brien Corporation. Fuller O'Brien Inc. was merged into the O'Brien Corporation on August 31, 1975 (*see* Declaration of Thomas Karaba in support of motion, hereafter "Karaba Dec." at Par. 3). The O'Brien Corporation was incorporated in Indiana in 1878 and remained an Indiana corporation at all times until it was dissolved in 2000 (see Declaration of Jerome Crowley in support of motion, hereafter "Crowley Dec.", at Par. 3)[1].

FOB has been sued as an alleged manufacturer of lead-based paint pigment in over a dozen actions over the years (see Crowley Dec. at Par. 6; Karaba Dec. at Par. 4). FOB was dismissed from each of these actions because it established that FOB was not a manufacturer of lead-based paint pigment and that FOB does not hold any lead-pigment related liabilities allegedly attributable to predecessor or acquired entities (see Crowley Dec. at Par. 6-9; Karaba Dec. at Par. 4 and 8 and Exhibit

---

[1] For purposes of this motion, the term "FOB" refers to both the parent corporation (the O'Brien Corporation) and the Fuller O'Brien subsidiary.

B thereto).

FOB filed for dissolution in Indiana on March 27, 2000 (see Crowley Dec. at Par. 4 and Exhibit A thereto). Pursuant to a provision of the Indiana corporate dissolution statute (Indiana Code Section 23-1-45-7), on March 29, 2000 FOB caused notices of dissolution to be published in newspapers in San Francisco (the location of FOB's principal place of business) and St. Joseph County Indiana (the location of FOB's registered agent) which advised, among other things, that any claims against FOB would be barred unless commenced within two years of the date of the publication of the notice of dissolution - - i.e., by March 29, 2002 (See Crowley Dec. at Par. 4 and 5 and Exhibits A and B thereto; Dec. of Counsel at Par. 3 and Exhibit B thereto).

On November 1, 2011, <u>over eleven years</u> after FOB's dissolution and <u>over nine years</u> after the time to bring suit against FOB had expired, PLAINTIFFS' counsel attempted to serve FOB as a defendant in this action by serving FOB's former president, Mr. Jerome Crowley, with a copy of the summons and complaint (see Crowley Dec. at Par. 1 and 10; see also Docket No. 8). At Mr. Crowley's request, FOB's former counsel, Thomas Karaba, wrote to PLAINTIFFS' counsel on November 9, 2011 and advised that FOB had been out of business for more than a decade; that FOB had been formally dissolved under provisions of Indiana law in March 2000; that notices of the dissolution were published on March 29, 2000; that any claims against FOB asserted more than two years after that date were time-barred; and that the attempted service of process on FOB was "wholly ineffective" because Mr. Crowley was not an officer of FOB (see Crowley Dec. at Par. 11 and 12; Karaba Dec. at Par. 5 and Exhibit A thereto).

PLAINTIFFS' counsel responded to Mr. Karaba's November 9, 2011 letter by asserting in a telephone conversation that the insurance assets of dissolved corporations were reachable under California law and that PLAINTIFFS were considering taking a default against FOB to determine the extent, if any, of FOB's remaining insurance coverage (see Karaba Dec. at Par. 6). During this conversation, PLAINTIFFS' counsel did not address or respond to the issue of the ineffective service of process on FOB (see Crowley Dec. at Par. 13 and 14; Karaba Dec. at Par. 6).

Notwithstanding the notice from FOB's counsel that the purported service on FOB was ineffective (and that Mr. Crowley was not an officer of FOB authorized to accept service),

PLAINTIFFS' counsel filed a Certificate of Service with the Court November 14, 2011 which represented that FOB had been served with the summons and complaint through service on its "authorized agent" (Mr. Crowley) (see Docket No. 8).

On December 9, 2011, PLAINTIFFS' counsel requested the Court to enter a default against FOB based on representations that FOB had been properly served with the complaint and had failed to respond within the required time (see Docket No. 11). On that same date, PLAINTIFFS requested that the Court enter a Default Judgment against FOB in the amount of $1,208,505 based on the same representations regarding service on FOB (see Docket No. 12). PLAINTIFFS' counsel did not notify either Mr. Karaba or Mr. Crowley of these filings (see Crowley Dec. at Par. 14; Karaba Dec. at Par. 6). The Court entered FOB's default under FRCP Rule 55(a) in the action on December 13, 2011 but did not rule on PLAINTIFFS' motion for entry of a default judgment (see Docket No. 12 and 13).

PLAINTIFFS took no further action with respect to the default entered against FOB for approximately one year. During this period, PLAINTIFFS' counsel did not notify Mr. Crowley or Mr. Karaba of the default which had been entered against FOB. Indeed, PLAINTIFFS' counsel never mentioned that a default had been entered against FOB when Mr. Crowley appeared for a deposition in the action in November, 2012 (see Crowley Dec. at Par. 13 and 14; Karaba Dec. at Par. 6).

On December 21, 2012, PLAINTIFFS moved for entry of a default judgment in the amount of $2,588,895 against FOB with a hearing on the motion scheduled for February 7, 2013 (See Docket No. 53). Mr. Crowley received a copy of PLAINTIFFS' motion for entry of a default judgment against FOB on December 24, 2012, which was the first notice to him that a default had been entered against FOB in the action (see Crowley Dec. at Par. 14).

Mr. Crowley undertook efforts to retain local counsel to defend FOB's interests and on January 24, 2013, counsel for FOB filed a motion to set aside the default against FOB with a hearing date of March 5, 2013 (see Crowley Dec. at Par 15; Docket No. 63). Based on the filing of the motion to set aside FOB's default, the Court continued the hearing on PLAINTIFFS' pending motion for entry of a default judgment against FOB to March 21, 2013 (see Docket No. 71). On February 6, 2013, FOB's prior counsel filed a notice withdrawing the motion to set aside the FOB default (see Docket No. 69).

On February 21, 2013, the California Supreme Court issued its decision in *Greb* (discussed more fully below), which directly controls the issues affecting FOB and necessitated the renewed filing of the subject motion.

### III. LEGAL ARGUMENT

#### A. The Court Has Good Cause To Set Aside The Default

No judgment has been entered in this case. The Court may set aside a default entered against a party upon a showing of good cause. FRCP Rule 55(c). The "good cause" standard which governs setting aside a default is the same standard as that when considering whether to vacate a default judgment under FRCP Rule 60(b). *TCI Group Life Ins. Plan v. Knoebber*, (9th Cir.2001) 244 F.3d 691, 696. The "good cause" analysis considers three factors: 1) whether the defendant engaged in culpable conduct that led to the default; 2) whether the defendant has a meritorious defense; and 3) whether reopening the default judgment would prejudice the plaintiff. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.* (9th Cir. 2004) 375 F.3d 922, 925-26. In evaluating whether to vacate a default judgment (or set aside a default), the court will apply FRCP Rule 60(b) liberally in light of the remedial nature of the statute and will take into consideration that default judgments are generally disfavored and that cases should be decided on their merits. Further, the court will consider that if the defendant seeks timely relief from the judgment and has a meritorious defense, any doubt should be resolved in favor of setting aside the judgment. *Direct Mail Specialists Inc. v. Eclat Computerized Technologies, Inc.* (9th Cir. 1988) 840 F.2d 685, 690.

There is good cause in this case because the California Supreme Court recently conclusively determined in *Greb* that Corporations Code § 2010 does not apply to a dissolved foreign corporation as a result of which the PLAINTIFFS' case against FOB should be dismissed. Moreover, FOB has not engaged in culpable conduct; (2) FOB has a meritorious defense to this action; and 3) since no judgment has yet to be entered and these proceedings are still pending, setting aside the default will result in no prejudice to the PLAINTIFFS.

### B. A Dissolved Foreign Corporation Is Not Subject To Suit In California If Claims Against The Dissolved Corporation Are Barred Under The Laws of The Foreign Corporation's Home State

The California Supreme Court's ruling in *Greb* makes it clear that PLAINTIFFS' case against FOB has no merit. FRCP Rule 17(b) provides that the capacity of a corporation to sue or be sued must be determined by the law under which it was organized. This rule applies to dissolved corporations. *Levin Metals Corp. v. Parr-Richmond Terminal Co.* (9th Cir. 1987) 817 F. 2d 1448, 1451. California law also recognizes that "the continuing legal existence of a corporation depends on the law of the state of incorporation." 6 Witkin, Summary of Cal. Law (8th ed. 1974) § 193, pp. 4468-4469; *C.M. Record Corp. v. MCA Records, Inc.* (1985) 168 Cal.App.3d 965, 967. 409. As discussed herein, FOB is a former Indiana corporation and thus its capacity to sue, or be sued, should be determined under Indiana law.

Indiana Code Section 23-1-45-7 governs claims against dissolved Indiana corporations. Subsections (c) provides as follows:

> "(c) If the dissolved corporation publishes a newspaper notice in accordance with subsection (b) the claim of each of the following claimants is barred unless the claimant commences a proceeding to enforce the claim within two (2) years after the publication date of the newspaper notice."

(See Dec. of Counsel at Par. 3 and Exhibit B thereto)

California Corporations Code § 2010, which governs the winding up and survival of California corporations, provides that a dissolved corporation continues to exist after dissolution for certain purposes including, among other things, " . . . prosecuting and defending actions by or against it." Corporations Code § 2010(a). This section essentially provides an open-ended period to bring suit against a dissolved California corporation for alleged pre-dissolution conduct subject only to the statute of limitations applicable to the causes of action being asserted. *Penasquitos, Inc. v. Superior Court* (1991) 53 Cal. 3d 1180, 1190.

Until recently, there was a split of authority among California appellate courts as to whether the provisions of Corporations Code § 2010(a) apply to dissolved foreign corporations which previously did business in California. Specifically, there were conflicting appellate decisions as to whether a dissolved foreign corporation was subject to the "open-ended" suit provision of

Corporations Code § 2010(a) if the corporate survival statute of the corporation's home state provides a limitations period for legal action against the corporation. (see, *North American Asbestos Corp. v. Superior Court* (1982) 128 Cal. App. 3d 138; *Riley v. Fitzgerald* (1986) 178 Cal. App. 3d 871; and *North American Asbestos Corp. v. Superior Court* (1986) 180 Cal. App. 3d 902).

The California Supreme Court in *Greb* recently resolved the conflict and conclusively determined that Corporations Code § 2010 does not apply to a dissolved foreign corporation. In *Greb*, the Plaintiffs filed suit in December 2008 against defendant Diamond International Corporation ("Diamond"), a Delaware corporation which had been dissolved pursuant to Delaware law in July 2005, to recover damages related to alleged asbestos exposure. Diamond demurred to the complaint on the grounds that Diamond lacked the capacity to be sued when Plaintiffs commenced their action in December 2008 because the Delaware corporate survival statute provided a limitations period of three years from the date of dissolution to bring suit against the dissolved corporation. In that regard, any suit against Diamond needed to be commenced by July 2008 to be timely. Plaintiffs opposed the demurrer on grounds that California Corporations Code § 2010 applied and authorized Plaintiffs to seek recovery of Diamond's unexhausted liability insurance coverage during the period it operated in California. Plaintiffs further argued that California's corporate survival statute took precedence over the Delaware survival statute. The trial court concluded that that Corporations Code § 2010 did not apply to foreign corporations and granted the demurrer, a result affirmed by the Court of Appeals. *Greb* at pp. 2-3.

The Supreme Court reviewed the conflicting appellate decisions which addressed the issue as well as the underlying legislative and constitutional history related to California corporate survival statute and the public policy arguments advanced in support of applying the California statute to foreign corporations. The Supreme Court noted from this analysis that ". . . the history and language of the statutes simply do not support the proposition that Section 2010, at its inception or today, governed or governs foreign in addition to domestic corporations" and concluded that the California corporate survival statute (Section 2010) does not apply to foreign corporations. *Greb* at pp. 38-39. In reaching this conclusion, the Supreme Court considered and rejected Plaintiffs' argument that the insurance assets of dissolved foreign corporations should remain recoverable in California as a matter

of public policy -- i.e., the fact that the dissolved foreign corporation may have remaining insurance assets does not breathe new life into the entity or change its capacity to be sued. A copy of the California Supreme Court opinion in *Greb* is attached as Exhibit A to the Declaration of Counsel in support of this motion.

Here, as in *Greb*, PLAINTIFFS are attempting to use the California survival statute as a vehicle to sue a dissolved foreign corporation which no longer has the capacity to be sued under the laws of its home state in order to pursue the corporation's remaining insurance assets. Initially, there is no question that FOB is a "foreign" corporation -- it was incorporated in Indiana and remained an Indiana corporation at all times until being dissolved in 2000 (see Crowley Dec. at Par. 3). There is also no dispute that FOB filed articles of dissolution in Indiana on March 27, 2000 and published notice of the dissolution on March 29, 2000 in both Indiana and California in accordance with provisions of the Indiana corporate dissolution statute (see Crowley Dec. at Par. 4 and 5 and Exhibits A and B). Finally, it is undisputed that the Indiana dissolution statute provides a two year limitations period for any legal claims or suits against a dissolved corporation, after publication of notice of the dissolution pursuant to Indiana Code § 23-1-45-7 (see Dec. of Counsel in support of motion at Par. 3 and Exhibit B thereto).

The very recent *Greb* decision has conclusively established that California Corporations Code § 2010 does not apply to FOB, a dissolved Indiana corporation, and that neither FOB nor its remaining liability insurance coverage are subject to suit in California. Since FOB's capacity to be sued under the Indiana corporate survival statute is limited to the two year period following the publishing of FOB's notice of dissolution (i.e., up to March 29, 2002), it follows that PLAINTIFFS have no legal basis to sue FOB in this action or to pursue recovery of FOB's remaining insurance assets. Moreover, in addition to PLAINTIFFS' failure to properly effect service on FOB as discussed below, the fact that FOB ceased to exist as a legal entity capable of being sued after March 2002 renders PLAINTIFFS' purported service on FOB in November 2011 ineffective and invalid. Further, based on the decision in *Greb*, it is questionable as to whether the court has jurisdiction over FOB in this matter.

## C. PLAINTIFFS Failed To Effect Proper Service Of The Summons And Complaint On FOB

FRCP Rule 4(h), which sets forth the acceptable methods to effect service of a summons and complaint on a corporation, provides in pertinent part as follows:

> **(h) Service Upon Corporations and Associations**
> Unless otherwise provided by federal law, service upon a domestic or foreign corporation . . . shall be effected:
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1) or by delivering a copy of the summons and complaint to an officer, a managing or general agent or to any other agent authorized by appointment or by law to receive service of process . . .

FRCP Rule 4(h)

Here, PLAINTIFFS claim that they effected proper service on FOB by serving the summons and complaint on FOB's former president, Jerome Crowley, on November 1, 2011 (see Docket No.8). It is now clear, however, that PLAINTIFFS' counsel was specifically informed by FOB's counsel in correspondence dated November 9, 2011 that PLAINTIFFS' attempted service on FOB was "wholly ineffective" as FOB was dissolved in March 2000 and Mr. Crowley was not an officer of FOB authorized to accept service on behalf of FOB (see Crowley Dec. at Par. 12; Karaba Dec. at Par. 5 and Exhibit A thereto). PLAINTIFFS' counsel never responded to or addressed the issue of their ineffective service of process on FOB (see Karaba Dec. at Par. 6). Instead, despite notice to the contrary, they simply filed a Certificate of Service with the Court on November 14, 2011 representing that FOB had been properly served in the action (see Docket No. 8). Notably, PLAINTIFFS' Certificate of Service represents that FOB had been properly served with the summons and complaint by service on its "authorized agent" (allegedly Mr. Crowley) - - despite PLAINTIFFS' counsel having previously been informed that Mr. Crowley was <u>not</u> an officer of FOB and was not authorized to accept service on behalf of FOB (see Crowley Dec. at Par. 12; Karaba Dec. at Par. 5 and Exhibit A thereto).

Service of process must be effective under the Federal Rules of Civil Procedure before a default or default judgment may be entered against a defendant. *Maryland State Fireman's Assoc. v. Chaves* (1996, MD) 166 F.R.D. 353; *White-Battle v. Democratic Party* (2004, ED VA) 323 F. Supp. 2d 696. In determining whether a defendant is properly before the Court, the Court on proper motion

must consider the sufficiency of process. *Harrison v. Steffen* (1943, KY) 51 F. Supp. 225.

As discussed, FOB was formally dissolved in March 2000 and its existence as a legal entity capable of being sued ceased as of March 2002 under the laws of its home state. Given that fact and the California Supreme Court's recent decision in *Greb* establishing that dissolved foreign corporations such as FOB are not subject to suit in California, FOB lacks the legal capacity to be sued in this action and this case should be dismissed. In addition, for the same reason, any purported service of process on FOB in this action is ineffective and invalid.

Moreover, as clearly demonstrated by the evidence submitted in support of this motion, PLAINTIFFS did not effect proper service of the summons and complaint on FOB - - a fact which was known to PLAINTIFFS' counsel when they requested entry of default and a default judgment against FOB. Accordingly, FOB's default in this action was wrongfully entered and should be set aside and PLAINTIFFS' pending motion for entry of a default judgment against FOB should be denied in its entirety.

### D. A Motion To Dismiss This Action As To FOB Pursuant to FRCP Rules 12(b)(5) and 12(b)(6) Is Warranted

FRCP Rule 12(b) authorizes a defendant to assert certain defenses by way of a motion before a responsive pleading is filed, including defenses based on failure to state a claim. As set forth above, based upon the decision in *Greb*, PLAINTIFFS' cannot state a claim against FOB as any such action is barred pursuant to Indiana's dissolution statute (Indiana Code § 23-1-45-7) and as such, PLAINTIFFS' action against FOB should be dismissed pursuant to FRCP Rule 12(b)(6).

In addition, FRCP Rule 12(b) also allows for dismissal based on "insufficiency of process" (FRCP Rule 12(b)(4)) and "insufficiency of service of process." (FRCP Rule 12(b)(5)). Case law under FRCP Rule 12(b) has established that if the alleged insufficiency in the service of process is not capable of being cured by amendment or by re-serving the complaint, a motion to dismiss the action is appropriate in lieu of a motion to quash service. *Smith v. Belmore* (1941, WA) 1 F.R.D. 633. A motion to dismiss under FRCP Rule 12(b)(5) for insufficiency of process was proper and would be granted when the corporation named in the summons did not exist. *Sweeney v. Greenwood Index-Journal Co.* (1941, SC) 37 F. Supp. 484, 488.

When a defendant moves to dismiss an action for insufficiency of service of process under FRCP Rule 12(b)(5), the Plaintiff has the burden of proof to establish that its service of process was adequate. *Cooper v. Conn. Public Defenders Office* (2007, CONN) 480 F. Supp. 536; *Suegart v. United States Custom Service* (1998, ED PA) 180 F.R.D. 276. If affidavits submitted in support of a motion to set aside service and dismiss the action on the grounds that the defendant was not properly served are not directly controverted, they are deemed admitted for the purposes of the motion. *Becholz v. Hutton* (1957, MONT) 153 F. Supp. 62. The failure to directly controvert affidavits containing such allegations means there is no issue of fact before the court and the defendant's motion to dismiss based on insufficiency of service of process pursuant to FRCP Rule 12(b)(5) was meritorious. *Sunbeam Corp. v. Payless Drug Stores* (1953, CA) 113 F. Supp. 31.

As discussed above and established by the Declarations and other evidence submitted in support of this motion, PLAINTIFFS failed to effect proper service of the summons and complaint on FOB. Further, and more importantly, there is no basis for FOB to be subject to suit in this action given FOB's status as a dissolved foreign corporation and the California Supreme Court's recent controlling decision in *Greb*. As such, FOB's motion should be granted and an order setting aside FOB's default and dismissing this action as to FOB should be issued. For the same reasons, PLAINTIFFS pending motion for entry of a default judgment against FOB should be denied in its entirety.

## IV. CONCLUSION

For the foregoing reasons, FOB respectfully requests that the Court grant this motion and issue an Order setting aside the default entered in this action as to FOB and dismissing this action as to FOB.

DATED: March 15, 2013

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ GLENN A. FRIEDMAN
GLENN A. FRIEDMAN
PAUL A. DESROCHERS
ROBERT W. FARRELL
Attorneys for Defendant
FULLER O'BRIEN INC.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

File No. New Matter

# CERTIFICATE OF SERVICE
*Haskins et al v. Cherokee Investment Partners, LLC, et al.,*
USDC – Northern District Court Case No. 3:11-cv-05142-JST

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, California, 94104. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On March 15, 2013, I served the following document:

**NOTICE OF RENEWED MOTION AND MOTION BY DEFENDANT FULLER O'BRIEN INC. TO SET ASIDE DEFAULT AND DISMISS ACTION PURSUANT TO FRCP RULES 12(b)(5) & 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

I served the document on all parties in this matter by CM/ECF. The document was served via CM/ECF (all parties are registered for CM/ECF):

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Dated: March 15, 2013         /s/ Maureen Liu
                              Maureen Liu

4814-0918-7347.1                                         CV-11-05142-JST