UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. HASKINS, et al., <br> Plaintiffs, <br> v. <br> FULLER-O'BRIEN, INC., et al., <br> Defendants. | Case No. 11-cv-05142-JST <br><br> **ORDER SETTING ASIDE DEFAULT AND DISMISSING CLAIMS AGAINST DEFENDANT FULLER-O'BRIEN, INC.** <br><br> Re: ECF No. 83 |

## I. INTRODUCTION

Plaintiffs Richard E. Haskins, Arthur L. Haskins, and the Estate of Arthur "Buzz" Haskins ("Haskins") obtained an entry of default in this action against Defendant Fuller-O'Brien, Inc. ("FOB"), a dissolved Indiana corporation. ECF No. 13. FOB now moves to set aside default and to dismiss the claims against it. ECF No. 83. Having considered the arguments of the parties at oral argument held April 18, 2013, the moving papers, and good cause appearing, the Court hereby GRANTS the motion.

## II. BACKGROUND

### A. Factual and Procedural Background

FOB claims, and Haskins does not dispute, that Fuller-O'Brien, Inc. was a surrendered Delaware corporation incorporated in 1967 as a wholly owned subsidiary of the O'Brien Corporation, an Indiana corporation.[1] Declaration of Thomas F. Karaba ("Karaba Decl.") at ¶ 3, ECF No. 86. Haskins alleges that FOB owned a paint manufacturing facility in South San Francisco from the late 1800s to the late 1900s, and that FOB owned the land on which the factory

---

[1] The Court refers to both Fuller-O'Brien, Inc. and the O'Brien Corporation as FOB, as the parties do in their papers, since after incorporation in 1967 the two shared the same identity.

sat from approximately 1968 to 1999. Amended Complaint, ECF No. 14, ¶ 11. Haskins further alleges that, in 1999, FOB conveyed that parcel ("the FOB property") to Cherokee Acquisition Corporation, Cherokee Grand Avenue, Cherokee San Francisco and Cherokee Investment Partners II (the "Cherokee Parties"). Id., ¶¶ 6-9.

FOB filed articles of dissolution on March 27, 2000. Exhs. A and B to Declaration of Jerome Crowley ("Crowley Decl."), ECF No. 85.[2] On March 29, 2000, pursuant to Indiana's corporate dissolution statute, FOB published notices of dissolution in newspapers in San Francisco, advising that any claims against the corporation would be barred unless commenced within two years of that date. Id.[3]

On December 23, 2010, Haskins sent a Notice of Endangerment ("NOE"), pursuant to the federal Resource Conservation and Recovery Act ("RCRA"), to FOB's last known registered agent. Exh. 1 to Declaration of Bret A. Stone ("Stone Decl."), ¶ 2, ECF No. 95.[4] When the NOE was returned, Haskins then sent it to Jerome Crowley, FOB's former president. Stone Decl., ¶ 3, Exh. 2. Mr. Crowley did not respond, and a year later, Haskins sent another letter to Mr. Crowley with a draft complaint. Id., ¶ 5, Exh. 3. On October 12, 2011, FOB's former counsel Thomas Karaba wrote to Haskins to state that "any purported service upon Mr. Crowley is ineffective as he is no longer an agent, officer or director of O'Brien." Id., ¶ 6, Exh. 4.

Haskins brought this action against FOB and the Cherokee Parties on October 20, 2011, alleging that hazardous wastes released at the FOB property had contaminated Haskins' neighboring property, and seeking relief under RCRA and the federal Comprehensive

---

[2] The Court *sua sponte* takes judicial notice of FOB's dissolution from the certificate submitted by FOB, since it is a matter of public record and is not subject to reasonable dispute. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Fed. R. Evid. 201. In considering a Rule 12 motion, a court may consider "matters of judicial notice . . . without converting the motion . . . into a motion for summary judgment." U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

[3] The Court also *sua sponte* takes judicial notice of the fact that these notices were published in San Francisco newspapers, because this fact "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Haskins does not dispute that the notices were published.

[4] The Court draws the version of events in this and the following paragraphs largely from Haskins' opposition brief, since the Court does not understand FOB to dispute that the alleged communications occurred, and because the Court construes any disputed issues of fact in the light most favorable to the non-moving party.

1 Environmental Response, Compensation and Liability Act ("CERCLA"), among other causes of
2 action. ECF No. 1. On November 1, 2011, Haskins served a copy of the summons and complaint
3 on Mr. Crowley. ECF No. 8. A week later, Mr. Karaba wrote a letter in response, repeating the
4 arguments that he made in his October 12 letter, stating this time that Mr. Crowley "is not an
5 agent, officer or director" of FOB. Exh. A to Karaba Decl.

6 The Clerk of Court granted entry of default against FOB on December 9, 2011. ECF No.
7 13. In October and November 2012, Haskins subpoenaed Mr. Crowley for production of
8 documents related to FOB, and for his deposition. Stone Decl., ¶¶ 9 & 10, Exhs. 5 & 6. Haskins
9 moved for default judgment a year later, and wrote to inform to Mr. Karaba of the same. ECF No.
10 53; Exh. 7 to Stone Decl.. On January 25, 2013, FOB moved to set aside entry of default, but
11 withdrew the motion on February 6. ECF Nos. 64 & 69. On March 15, 2013, FOB filed a
12 renewed motion to set aside default and dismiss the case, which the Court now considers. ECF
13 No. 83.

14 Haskins and the Cherokee parties filed a notice of settlement on March 20. ECF No. 92.

15 **B.  Jurisdiction**

16 Haskins' primary causes of action arise under federal statutes RCRA and CERCLA.
17 Therefore, this Court has jurisdiction pursuant to those statutes' jurisdictional provisions, 42
18 U.S.C. §§ 6972(a), 9607 & 9613. The Court also exercises supplemental jurisdiction over the
19 remaining clams pursuant to 28 U.S.C. § 1367, because they arise out of the same nucleus of
20 operative facts.

21 **C.  Legal Standard**

22 The Court may set aside entry of default upon a showing of good cause. Fed. R. Civ. Pro.
23 55(c). In determining whether a defendant has shown good cause, the court considers: 1) whether
24 the defendant engaged in culpable conduct that led to the default, 2) whether the defendant has a
25 meritorious defense, and 3) whether reopening the default judgment would prejudice the plaintiff.
26 Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925-26 (9th Cir.
27 2004); TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

28 FOB also moves to dismiss the complaint, on the same ground that it moves to set aside its

default — that it has a meritorious and complete defense. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Dismissal is also proper where the complaint alleges facts that demonstrate that the complaint is barred as a matter of law. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990); Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

Dismissal is normally without prejudice unless "it is clear on *de novo* review that the complaint could not be saved by amendment." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). When a plaintiff "cannot, as a matter of law, prevail" on a claim, dismissal with prejudice is appropriate. Johnson v. Lucent Technologies, 653 F.3d 1000, 1012 (9th Cir. 2011); see also Miller v. Yokohama Tire Corp., 358 F.3d 616, 623 (9th Cir. 2004) (dismissal with prejudice is appropriate when "amendment would, as a matter of law, be futile").

## III. MOTION TO SET ASIDE DEFAULT

The court need not address the question of prejudice in detail because Haskins acknowledges that it will suffer little prejudice if the default is set aside. The case is still pending; Haskins only recently tentatively settled with the Cherokee parties; and Haskins has lost no legal rights in the time it has taken FOB to appear in this action. "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." Knoebber, 244 F.3d at 701. However, Haskins nonetheless urges the Court not to set aside default solely because FOB has failed to show that default was not due to FOB's own culpable conduct. Opp. at 6:8-7:13.

While there are cases in which this factor alone allows a default to stand, this is not such a case. For one thing, Haskins' argument hinges on the contention that FOB was validly served in 2011 but failed to respond. Haskins has failed to demonstrate that it validly served FOB.

"Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). Rule 4 permits a party to serve a corporation by serving an "officer, a managing or general agent or to any other agency authorized by appointment or by law to receive service of process." Fed. R. Civ. Pro. 4(h).

4

The Rules do not specify how this is altered by corporate dissolution, but they do state that, in determining the validity of service upon a corporation, federal courts "follow[] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. Pro. 4(e)(1) & 4(h)(1)(A).

Under California law, "[a] summons may be served on a corporation that . . . has dissolved, by delivering a copy of the summons and of the complaint" either "[t]o a person who is a trustee of the corporation and of its stockholders or members," or alternatively through various provisions of the California Corporations Code (§§ 2011 or 2114, or the versions of §§ 3301-3303 or 6500-6504 that were in effect in 1976), if those provisions are applicable. Cal. Civ. Proc. Code § 416.20 ("Section 416.20"). It is Haskins' burden to show that service was proper, and it has not demonstrated — or even alleged — that Mr. Crowley is "a person who is a trustee of the corporation and of its stockholders or members." Neither has he demonstrated that that any of the other provisions of the Corporations Code cited in Section 416.20 apply to this situation.[5] Haskins has therefore failed to demonstrate that service was proper on FOB.

Moreover, even assuming for the sake of argument that FOB was validly served or had actual notice of the suit at some point before 2013, the Court would not find that its conduct is so culpable as to require entering a default judgment against a party with a meritorious defense. In maintaining default against a party for culpable conduct alone, "[m]ost courts require evidence that a defendant's failure to respond was 'willful, deliberate, or evidence of bad faith.'" Schwarzer et al., Cal. Prac. Guide Fed. Civ. Pro. Before Trial, § 6.199. In the only case Haskins cites which supports default on the basis of culpable conduct alone, Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987), the Ninth Circuit upheld a district court who had

---

[5] The only one of these Corporations Code sections which might seem to apply is Section 2011. However, this Court predicts that California courts would find that section inapplicable to non-California corporations for the same reason that the California Supreme Court recently found Section 2010 inapplicable. See Greb v. Diamond Intl. Corp., 56 Cal.4th 243, 257-68 (2013) (holding that Section 2010 does not apply to non-California corporations because California's General Corporation Law only applies to non-California corporations if a provision "expressly include[s]" non-California corporations within its scope). Like Section 2010, Section 2011 is a provision of California's General Corporation Law (Title 1, Division 1 of the California Corporations Code), and it does not expressly apply to non-California corporations.

1   refused to set aside a $240,000 default judgment against agencies of the Dominican Republic, who
2   had "received actual notice of the complaint and intentionally declined to answer." Those
3   defendants' only excuse for failing to answer -- that they had received advice of counsel not to
4   appear -- was undermined by the counsel in question's denial of responsibility for the decision.
5   Id., 817 F.2d at 521-22. While the Meadows court was apparently persuaded that the defendants'
6   conduct rose to the level of "willful, deliberate, or [in] bad faith," this Court does not see FOB's
7   conduct in the same light. See Brooks v. Hilton Casinos, Inc., 959 F.2d 757, 768, n. 10 (the use of
8   default judgment "must be tempered by careful exercise of judicial discretion to assure that its
9   imposition is merited").

Haskins will suffer no prejudice if default is not entered, there is no evidence of intentional bad faith on the part of FOB, and — as discussed immediately below — FOB has presented a meritorious defense. Therefore, the Court finds good cause to set aside the entry of default.

**IV.    MOTION TO DISMISS**

FOB offers two arguments for dismissal: that service was ineffective and that, as a dissolved corporation, FOB is immune from suits arising more than two years after dissolution. As discussed at Part III, *supra*, Haskins has not satisfied its burden to show that service was valid. Haskins argues that FOB has waived its ability to raise the defense of ineffective service, but the Court finds it unnecessary to reach this question because FOB has demonstrated that it is immune from suit. It has not waived its ability to raise that defense.

The Federal Rules of Civil Procedure provide that a corporation's "capacity to sue and be sued is determined . . . by the law under which it was organized." Fed. R. Civ. Pro. 17(b). Under Indiana law, if a corporation publishes a newspaper notice regarding its pending dissolution in the county of its principal office and the location of its registered agent, claimants are barred from bringing any action against the dissolved corporation after two years of the publication date. Indiana Code § 23-1-45-7(c). Such notice was published in 2000. While this would seem to bar Haskins' claim against FOB, Haskins had hoped to take advantage of California Corporations

6

1   Code § 2010(a) ("Section 2010(a)"), which provides an open-ended period in which to bring suit

2   against a dissolved corporation. Some courts interpreted this law to leave the door open to

3   claimants bringing suit against non-California corporations who have done business in the state,

4   even if the state in which the corporations were organized would not permit such claims. See

5   North American Asbestos Corp. v. Superior Court, 180 Cal. App. 3d 902, 905 (1986).

6   The California Supreme Court recently closed this door. In Greb v. Diamond Intl. Corp.,

7   56 Cal.4th 243, 246 (2013), the Supreme Court held that Section 2010(a) does not apply to non-

8   California corporations. Haskins offers no argument why Greb does not bar its claim, but instead

9   argues that Haskins should be barred from invoking it because it withdrew the first motion in

10  which it raised the argument. Opp. at 7:16-8:7. Unlike its insufficient service defense, FOB

11  explicitly raised its lack of capacity defense in its first motion, as part of its argument that it had a

12  meritorious defense. See Notice of Motion and Motion to Set Aside Clerk's Entry of Default and

13  Points and Authorities, ECF No. 65, at 7:18-8:22. In a motion to set aside default, that is the most

14  explicit manner in which to raise a defense. Haskins cites no case, and this Court is aware of

15  none, in which a defendant moving to set aside default was found to have waived all of its

16  defenses, even those it initially raised, upon withdrawing its first motion to the court. Haskins

17  also argues, almost in passing, that "estoppel and laches principles" should bar the assertion of the

18  defense, but again provides no citations to case law in which a court applied those concepts in

19  similar circumstances. Opp. at 8:3-7.

20  Haskins' only other argument to avoid the effect of Greb is that CERCLA should preempt

21  state laws which limit the capacity of corporations to be sued for environmental remediation costs.

22  As Haskins acknowledges, however, the Ninth Circuit has held to the contrary. In Levin Metals

23  Corp. v. Parr-Richmond Terminal, 817 F.2d 1448, 1451 (9th Cir. 1987), the Ninth Circuit held

24  that a federal district court properly ruled that plaintiffs could not bring a suit against a dissolved

25  corporation for a cause of action arising after dissolution, since California corporations law barred

26  such a claim. The court explicitly held that CERCLA did not preempt state laws which limited the

27  capacity of corporations to be sued. Since state law now clearly also bars suit against FOB, the

28  same argument applies here.

7

Haskins does not attempt to distinguish Levin Metals, and provides no reason not to apply it to the case at bar besides that the opinion is "flawed" and "has been the subject of . . . poignant criticism by federal courts around the country."[6] Opp. at 7:15-8:5. The Ninth Circuit has given no indication that Levin Metals's holding has weakened over time and, in fact, it re-affirmed Levin Metals six years later. See Louisiana Pacific Corp. v. Asarco, Inc., 5 F.3d 431, 433-45 (9th Cir. 1993).

The Court recognizes that many courts and commentators have made colorable public policy and statutory construction arguments that CERCLA should preempt state laws that immunize corporations from suit. But those arguments were considered and rejected by the Levin Metals court. The Court also recognizes that, after Greb, non-California corporations may have received greater immunity from environmental harm than anyone anticipated at the time of Levin Metals. See Opp. at 8:18-9:5. But these considerations do not give a district court the authority to ignore binding precedent. Haskins could be correct that this is the right time to reconsider Levin Metals. But this is not the right court.

## V.    CONCLUSION

For the foregoing reasons, the Court hereby SETS ASIDE THE ENTRY OF DEFAULT, and DISMISSES the Complaint insofar as it brings claims against Defendant Fuller-O'Brien, Inc. There are no additional facts Haskins could plead which could alter the fact that its claims against

/ / /

/ / /

/ / /

/ / /

---

[6] Haskins' brief does suggest that both "federal environmental claims," RCRA and CERCLA, should pre-empt state law. Opp. at 8:8-15. Haskins' counsel suggested at oral argument that the Court could find Levin Metals applicable only to Haskins' CERCLA claim and allow the RCRA claim to survive. However, Haskins' preemption argument only cites CERCLA cases, and his brief addresses RCRA only by saying in a footnote that "[t]he analysis . . . should apply to RCRA citizen suits as well." Opp. at 8:14-15, n.5. This is an insufficient basis for the Court to hold that RCRA pre-empts state law where CERCLA does not. Importantly, much of Haskins' pre-emption argument is based on statutory text that appears in CERCLA (42 U.S.C. § 107(a)'s "notwithstanding any other law" language), and CERCLA's legislative history. Opp. at 9:6-11:20. Haskins has made no preemption argument based on RCRA's text and history.

1 FOB are barred as a matter of law. Therefore, dismissal on that ground is WITH PREJUDICE.
2 See Johnson, 653 F.3d at1012; Miller, 358 F.3d at 623.
3     **IT IS SO ORDERED**.
4 Dated: April 26, 2013

                                                  JON S. TIGAR
                                           United States District Judge