UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. HASKINS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHEROKEE GRAND AVENUE LLC, et al.,<br><br>    Defendants. | Case No. 11-cv-05142-JST<br><br>**ORDER CLARIFYING MAY 7 ORDER OF JUDGMENT**<br><br>Re: ECF No. 100 |

Upon review of the docket, it has come to the Court's attention that its May 7 judgment of dismissal failed to "expressly determine[] that there is no just reason for delay in the entry of final judgment," as required by Federal Rule 54(b) of the Federal Rules of Civil Procedure. The Court hereby clarifies that it intended to expressly so find.

In entering judgment as to Defendant Fuller-O'Brien, Inc. and the O'Brien Corporation (collectively, "FOB"), the Court has considered whether "the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). The Court dismissed all claims against FOB because suits against it are barred by the statute of limitations applicable to dissolved corporations. See Order Setting Aside Default and Dismissing Claims Against Defendant Fuller-O'Brien, Inc., ECF No. 83, at 6:22-8:14. That legal issue does not apply to any other defendants in this case. The dismissal also completely disposes of all claims against this particular defendant, and if upheld on appeal would make further litigation as to those parties unnecessary. See Alcan Aluminum Corp. v. Carlsberg Fin. Corp., 689 F.2d 815, 817 (9th Cir. 1982).

The Court hereby clarifies, *nunc pro tunc* to May 7, that it has "determined that there is no

1  just reason for delay in the entry of final judgment on this order." Fed. R. Civ. Pro. 54(b).

2  **IT IS SO ORDERED**.

3  Dated: July 12, 2013

_____
JON S. TIGAR
United States District Judge